No. 13,845.

GVIRTZ *v.* LEISER ET AL.

(... P. [2d] ...)

Decided May 25, 1936.

Mr. FANCHER SARCHET, Mr. W. DAVID McCLAIN, for plaintiff in error.

Mr. HARRY A. FEDER, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was plaintiff in the trial court in an action against defendants, the parents of his former wife, for alienation of affections. After the filing of a bill of particulars, a general demurrer to the complaint was sustained, plaintiff elected to stand, an order of dismissal followed, and judgment was entered in favor of defendants for costs. To this judgment, plaintiff assigns error.

██   The complaint and bill of particulars, as abstracted, are as follows:

"Complaint.

"The complaint alleges that Jean Gvirtz was formerly plaintiff's wife; that defendants are the parents of Jean Gvirtz and that an interlocutory decree of divorce was granted to the said Jean Gvirtz upon the statutory ground of nonsupport; that as a result of said marriage of plaintiff and the said Jean Gvirtz, the plaintiff was entitled to the society, affections, assistance and respect of his said wife; that plaintiff and his said wife were attached to each other until the interference on the part of said defendants; that the marriage was without the knowledge of the defendants and that defendants learned of said marriage approximately two months after it occurred and immediately they wilfully and maliciously began and attempted to estrange their daughter from the plaintiff and wrongfully and maliciously by coaxing and by threatening and by other methods separated plaintiff's wife from him, alienated her affections from the plaintiff and persuaded her to bring said divorce action; that said defendants persuaded said Jean Gvirtz to remain at their home, persuaded her to refuse to go to plaintiff, attempted to interest her in single young men contemplating future marriage between her and some other than plaintiff; told her plaintiff was an unfit husband for her; coerced her by threats to remain away from plaintiff and persuaded her to leave plaintiff and go to the state of California and bring said divorce action; and prays judgment for the sum of $20,000 actual damages and exemplary damages in the sum of $10,000."

"Bill of Particulars.

"Bill of Particulars alleges that a final decree of divorce was entered between the plaintiff and Jean Gvirtz on August 29, 1934; that the defendants kept the said Jean Gvirtz in their home, prevented her from leaving said home and go to the plaintiff; refused to allow the plaintiff to see his wife alone and made disparaging remarks against the plaintiff, and repeated again and again to said plaintiff's wife that the plaintiff occupied a station in life beneath her and was an unfit person for her to be married to; that she should bring a divorce action against plaintiff and coaxed and persuaded the said Jean Gvirtz to remain in their home and advised her against going to the home plaintiff desired to establish; repeatedly told Jean Gvirtz she should divorce the plaintiff and marry some person of better financial standing; falsely reported to the plaintiff that Jean Gvirtz was not at home and that she did not want to see the plaintiff; and defendants appealed to the said Jean Gvirtz as their daughter, asking her to respect their wishes in the premises in respect to the plaintiff and threatened to disinherit the said Jean Gvirtz if she failed to conform with the wishes respecting this plaintiff and persuaded the said Jean Gvirtz to leave the plaintiff and go to the state of California, accompanying the said Jean Gvirtz to the state of California against her will, and defrayed all the expenses in connection with said journey, all for the express purpose of alienating the affections of said Jean Gvirtz."

Defendants contend that since the pleadings disclose that plaintiff was the guilty party in the divorce action, he now is estopped from maintaining this suit, in that the judgment and decree in the divorce action is res judicata of the question of nonsupport, and that the subsequent separation and divorce were due to his acts; further that the allegations of the complaint and the bill of particulars are not of ultimate facts, but are conclusions of the pleader and that defendants are not charged with any specific act of alienation. A reading of the complaint and

bill of particulars discloses the fallacy of the latter contention. A cause of action for alienation is so sufficiently stated as to stand against a demurrer on that ground.

The remaining question for determination is that of estoppel. While there is some authority to the contrary announced in the cases cited by defendants, the general rule is stated in 30 C. J., p. 1127, section 988, and is as follows: "Either spouse, in a proper case, may recover for alienation of the other's affections, notwithstanding a decree of divorce or separation secured by either of them after the alienation; and this has been held to be the rule even under a statute providing for the forfeiture by the guilty party, on divorce, of all rights and claims under and by virtue of the marriage; but there is some authority to the contrary, holding that under such a statute a spouse divorced for his or her own fault cannot maintain an action for the alienation of the other's affections."

While this exact question has not heretofore been determined by this court, we can conceive of no reason why the above rule should not be adopted and followed in this jurisdiction, as it is supported by the great weight of authority. The plaintiff having stated a maintainable cause of action, as we now determine, the demurrer should have been overruled.

Judgment reversed and cause remanded with directions to overrule the demurrer, reinstate the complaint, and for such further proceedings as the parties may be advised.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE HILLIARD concur.